IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Keith Kasyjanski, | ) | C/A No.: 0:23-1756-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Fairfield County Solicitor's Office; Fairfield County Law Enforcement; Fairfield County Detention Center; Bradley W. Truesdale; Barry W. Gilbert; Russell N. Feaster; Vanessa Chambers Hollins; Danielle L. Miller; Anna L. Tankersley; Shannon LeGrand; Goodwin Bryant; Cpl. McCoy Allen; Lt. Eric White; Dawn Darner; Chris Dawn; Lt. William Dove; Will Montgomery; Christon R. Gaddy; Michael Paul Swearingen; Solicitor Randy E. Newman, Jr.; Maxwell; Ashley McMahan; Jannita C. Gaston; Judge Coder4; Cpl Karen Casties; Officer Cox; Rickey P. Sanders; Melissa Cooper; Katina Capers Washington; Jason Bridgs; Everett Evrest; Steven McDonald; Judy Bonds; Anthony E. Tomashot; William Dickson Robinson; K. Boware; and CC Hodge, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER AND NOTICE |
| Defendants. | ) ) | |

Keith Kasyjanski ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint related to his criminal charges and subsequent detention.

This case is construed as brought pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff alleges he was summonsed to appear at court on charges of unlawfully carrying a weapon. [ECF No. 1-2 at 6]. He claims the judge sentenced him to 18 months, but when he returned to the courtroom, the judge sentenced him to 30 days for contempt of court and order a psychiatric evaluation. Plaintiff alleges he advised every officer he encountered of his wish and right to proceed pro se. He also claims he requested paper from every officer and was refused.

Plaintiff sues almost 40 defendants, many of whom he does not identify. Others he identifies as law enforcement officers, lawyers or other employees of the solicitor's office, and judges. It appears he seeks the solicitors and judges be prosecuted "for calling themselves law." [ECF No. 1 at 6].

II.   Discussion

   A.   Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by

2

attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis[1]

   1.   Fairfield County Solicitor's Office, Fairfield County Law Enforcement, and Fairfield County Detention Center are not Persons Pursuant to § 1983

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." In this case, Plaintiff sues Fairfield County Solicitor's Office, Fairfield County Law Enforcement, and Fairfield County Detention Center as defendants, but they are not "persons" subject to suit under § 1983. A sheriff's department, detention center, or task force is a group of officers or buildings that is not considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as

---

[1] Because Plaintiff fails to identify the alleged role of the majority of defendants, the undersigned has provided the legal reasons for which Plaintiff's claims are subject to summary dismissal without categorizing every defendant.

improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Accordingly, Fairfield County Solicitor's Office, Fairfield County Law Enforcement, and Fairfield County Detention Center are subject to summary dismissal.

### 2. *Younger* Abstention

Plaintiff's complaint relates to state criminal charges currently pending against him, and his right to proceed pro se. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on*

*Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Plaintiff states he is facing criminal charges, which satisfies the first part of the test. The second part of the test is met because the Supreme Court has noted "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Fourth Circuit has addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Plaintiff can pursue his claims related to the legality of his detention during the disposition of his criminal charges. Accordingly, to the extent Plaintiff seeks interference in his state criminal case, the complaint is subject to summary dismissal. *See Younger*, 401 U.S. at 43–44.

### 3.     Judicial Immunity

Although Plaintiff does not identify them all, he sues a number of state judges, all of which are entitled to judicial immunity. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced

6

by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's claims against any judicial defendants are related to their judicial actions, they are entitled to absolute immunity.

4. Prosecutorial Immunity

Plaintiff appears to sue solicitors and their staff for actions associated with his preosecution. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Plaintiff's claims relate to actions taken by various solicitors in connection with the judicial proceedings, they are barred by prosecutorial immunity and are subject to summary dismissal.

5. Insufficient Allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make

7

conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's complaint does not contain sufficient factual allegations of constitutional wrongdoing by any defendant not previously addressed by the court. Accordingly, Plaintiff's complaint should be summarily dismissed. *See Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988) (noting "[s]weeping conclusory allegations against a prison official will not suffice"; an inmate must set forth specific facts as to each individual defendant's participation).

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **May 29, 2023**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to

8

28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend the district judge dismiss the complaint without leave for further amendment.

    IT IS SO ORDERED.

May 8, 2023                                            Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge