IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Keith Kasyjanski,<br><br>                          Plaintiff,<br><br>vs.<br><br>Fairfield County Solicitor's Office; Fairfield County Law Enforcement; Fairfield County Detention Center; Bradley W. Truesdale; Barry W. Gilbert; Russell N. Feaster; Vanessa Chambers Hollins; Danielle L. Miller; Anna L. Tankersley; Shannon LeGrand; Goodwin Bryant; Cpl. McCoy Allen; Lt. Eric White; Dawn Darner; Chris Dawn; Lt. William Dove; Will Montgomery; Christon R. Gaddy; Michael Paul Swearingen; David Saweringen; Solicitor Randy E. Newman, Jr.; Maxwell; Ashley McMahan; Jannita C. Gaston; Judge Coder; Cpl Karen Casties; Officer Cox; Rickey P. Sanders; Melissa Cooper; Katina Capers Washington; Jason Bridgs; Everett Evrest; Steven McDonald; Judy Bonds; Anthony E. Tomashot; William Dickson Robinson; K. Boware; and CC Hodge,<br><br>                          Defendants. | C/A No. 0:23-1756-JFA-SVH<br><br>**ORDER** |

Keith Kasyjanski ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a

1

Magistrate Judge for review.[1]

After reviewing the motion, the Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines Plaintiff's Complaint should be summarily dismissed without further leave to amend. (ECF No. 11). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on July 24, 2023. (ECF No. 18). Thus, this matter is ripe for review.

I. STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those

---

[1] Prior to issuing the Report, the Magistrate Judge issued two Orders instructing Plaintiff to bring his case into proper form by submitting necessary documents and allowing Plaintiff to amend his Complaint to remedy identified deficiencies. (ECF Nos. 6 & 7). Plaintiff failed to comply with these Orders.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## II.    DISCUSSION

Plaintiff has sued almost forty defendants, many of whom he does not identify, alleging violations of his constitutional rights.[3] The Report, which is incorporated herein, makes several findings as to Plaintiff's claims, and each provides a different basis for

---

[3] It is important to note that most of Plaintiff's filings are unintelligible.

summary dismissal of this Complaint. To briefly summarize, the Report makes the following recommendations: (1) Defendants Fairfield County Solicitor's Office, Fairfield County Law Enforcement, and Fairfield County Detention Center are not "persons" subject to suit under 42 U.S.C. §1983, and thus, these Defendants should be dismissed; (2) Plaintiff's claims that ask this Court to interfere with his state court criminal case are dismissed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971); (3) Plaintiff's claims against judicial Defendants should be dismissed because judges are entitled to absolute immunity; (4) Plaintiff's claims against prosecutors and their staff should also be dismissed because prosecutors have absolute immunity for actions associated with Plaintiff's prosecution; (5) Plaintiff's Complaint should be dismissed because it does not contain sufficient factual allegations of constitutional wrongdoing by any Defendant; and (6) Plaintiff's Complaint should be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41.

Plaintiff's objections do not address any of the Report's recommendations or conclusions as to his claims. While the filing is convoluted and difficult to follow, it appears to be a timeline of medical events involving Defendant's request or need for blood thinners. (ECF No. 18 at 1-2). As explained above, a district court is tasked with reviewing portions of the Magistrate Judge's report to which a specific objection is made. *See Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Plaintiff does not lodge a specific objection to any of the Report's findings or conclusions, and instead, raises this issue regarding his medical treatment for the first time. This court is not

4

required to review new issues raised for the first time in objections. *See Samples v. Ballard*, 860 F.3d 266, 268, 274 (4th Cir. 2017).   Thus, Plaintiff's objections are overruled.

Plaintiff has also filed a Motion to Repeal (ECF No. 20). The filing is unintelligible, and it is impossible to decipher the meaning of "repeal." Plaintiff's motion includes a long list of grievances regarding a psychiatric evaluation, no one coming to pick up his mail, his mother giving up on him, no access to a law library, no dictionary, no phone book, and the fact that his mother had a "valve change in heart" and his stepdad's "pacemaker 3 of them went out." (ECF No. 20 at 2-3).  Despite the lack of clarity regarding this filing, this Court has reviewed Plaintiff's Motion and does not find any meritorious grounds on which this Court could decline to adopt the Report and find the Complaint should not be dismissed.

The same is true of Plaintiff's letter (ECF No. 21) which was filed on August 15, 2023. In this letter, Plaintiff lists several individuals, a majority of which are already named Defendants in the instant case, who he wishes to "prosecute." *Id.* at 1. The issues Plaintiff raises in this filing are identical to those raised in the Complaint, objections, and Motion to Repeal. Once again, Plaintiff's letter does not provide any grounds on which this Court could find the Complaint should not be dismissed.

Therefore, this Court adopts the Report and Recommendation in full. (ECF No. 11).

### III.   Conclusion

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and it is

incorporated herein by reference. (ECF No. 11). Consequently, Plaintiff's objections (ECF No. 18) are overruled, and the Complaint is summarily dismissed without further leave to amend. (ECF No. 1). Additionally, Plaintiff's Motion to Repeal (ECF No. 20) is denied.

    IT IS SO ORDERED.

August 24, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge